UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:23-CV-61321-ROSENBERG/AUGUSTIN-BIRCH

**MASSIVE TRANSIT TRANSPORT, LLC,**

    **Plaintiff,**

v.

**ATLANTIC COAST AUTOMOTIVE, INC.,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION FOR ATTORNEY'S FEES [DE 19]

This cause comes before the Court on Defendant Atlantic Coast Automotive, Inc.'s Motion for Attorney's Fees. DE 19. The Honorable Robin L. Rosenberg, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 20. The Court has carefully considered the Motion, the record, and is otherwise fully advised. For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion be **GRANTED AND DENIED IN PART**.

### I. Background

Plaintiff Massive Transit Transport, LLC brought a five-count complaint against Defendant Atlantic Coast Automotive, Inc., raising numerous allegations stemming from the purchase of a vehicle. DE 1. In response, Defendant filed a motion to compel arbitration and dismiss the complaint. DE 7. Plaintiff failed to timely respond to Defendant's motion, and Judge Rosenberg entered an order to show cause as to why a response was not timely filed. DE 8. Plaintiff's counsel responded, stating that irreconcilable differences had arisen and that Plaintiff's counsel would file a motion to extend the response deadline along with a motion to withdraw as

counsel. DE 9. Plaintiff's counsel followed through by filing both motions, DE 10; DE 11, and both motions were granted. DE 12; DE 13.

However, Plaintiff, still to this day, never obtained substitute counsel,[1] and Judge Rosenberg issued a second paperless order to show cause regarding Plaintiff's lack of a response to Defendant's motion to compel arbitration and dismiss. DE 17. Based on Plaintiff's failure to respond to Defendant's motion and the order to show cause, Judge Rosenberg granted the motion by default and dismissed Plaintiff's complaint. DE 18. Thereafter, Defendant filed the present Motion for Attorney's Fees, seeking a total of $2,645 in attorney's fees. DE 19.

Judge Rosenberg referred Defendant's Motion to this Court for appropriate disposition, DE 20, and, since Plaintiff did not timely respond to Defendant's Motion for Attorney's Fees, this Court entered an order to show cause. DE 22. No response from Plaintiff as to Defendant's Motion for Attorney's Fees or this Court's order to show cause appears in the record.

## II. Defendant's Motion Could be Granted by Default

Local Rule 7.1(c)(1) cautions litigants that failure to timely respond to a motion "may be deemed sufficient cause for granting the motion by default." Therefore, because Plaintiff has failed to timely respond to Defendant's Motion, this could provide a basis for granting the Motion by default. *See Lopez v. Ingram Micro, Inc.*, No. 95-2004-CIV-NESBITT, 1997 WL 605780, at *2 (S.D. Fla. Aug. 27, 1997) (granting motion for attorney's fees and costs by default under Local Rule 7.1(c)); *Jean-Louis v. Greenberg*, No. 08-81205-CIV, 2009 WL 3387484, at *1 (S.D. Fla. Oct. 16, 2009) (noting plaintiff was entitled to have motion for attorney's fees granted by default due to defendants' failure to respond).

---

[1] Plaintiff, as a corporate entity, cannot proceed pro se. *See Damian v. Int'l Metals Trading & Invs., Ltd.*, 243 F. Supp. 3d 1308, 1313 (S.D. Fla. 2017) ("[C]orporate entities may not appear *pro se*. They must be represented by counsel in all dealings with the Court." (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985))).

### III. Defendant's Motion Could Also be Granted on the Merits

Under the "American Rule," prevailing litigants normally pay their own fees unless a statute or contract permits recovery from the non-prevailing party. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013). On account of prevailing on Plaintiff's Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") claim located in count two of the complaint, DE 1 at 9–12, Defendant proclaims a statutory entitlement to its attorney's fees under FDUTPA's attorney's fee provision. DE 19 at 3. That provision provides: "In any civil litigation resulting from an act or practice involving a violation of this part . . . the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party." § 501.2105, Fla. Stat.[2]

"[I]n determining whether attorneys' fees are awardable under FDUTPA, the Court must look to Florida case law." *Temurian v. Piccolo*, No. 18-62737-CIV, 2021 WL 1121003, at *2 (S.D. Fla. Mar. 24, 2021). Under Florida law, the prevailing party is the party that prevailed on the significant issues in the litigation. *Moritz v. Hoyt Enters.*, 604 So. 2d 807, 810 (Fla. 1992). Thus, because Defendant succeeded by having Plaintiff's complaint dismissed and preventing Plaintiff from obtaining any relief, DE 18, it has prevailed on the significant issues in this litigation and is the prevailing party under section 501.2105. *See Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 369 (Fla. 2013) ("Diamond Aircraft is entitled to attorney's fees under section 501.2105(1) because Horowitch . . . filed an action against Diamond Aircraft *under* FDUTPA and ultimately was the nonprevailing party. By invoking FDUTPA and seeking redress under its remedial provisions, Horowitch exposed himself to both the benefits and the possible consequences of that act's provisions.").

---

[2] The time for Plaintiff to appeal the dismissal of its complaint has expired. *See* Fed. R. App. P. 4(a)(1)(A) (providing 30 days to appeal a judgment or order).

Simply being the prevailing party, however, does not itself require an award of attorney's fees under FDUTPA. As stated in section 501.2105(1), the prevailing party "may" receive his or her attorney's fees and costs; the statute does not mandate the prevailing party receive his or her attorney's fees. As such, a court has discretion when awarding attorney's fees under FDUTPA. *See, e.g.*, *Chow v. Chak Yam Chau*, 640 Fed. App'x 834, 838 (11th Cir. 2015) (noting courts have discretion to award attorney's fees under FDUTPA); *Colomar v. Mercy Hosp., Inc.*, No. 05-22409-CIV, 2008 WL 4459383, at *2 (S.D. Fla. Sept. 29, 2008) ("Significantly, the award of fees and costs is not mandatory under the FDUTPA, but rather a matter committed solely to the discretion of the trial court."); *Healthcare Res. Mgmt. Grp., LLC v. EcoNatura All Healthy World, LLC*, No. 20-81501-CV, 2022 WL 1537757, at *5 (S.D. Fla. May 12, 2022) ("Once a trial court has concluded that a party is the prevailing party under a FDUTPA claim, it may utilize its discretion to award both attorney's fees and costs . . . ."); *Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971 (Fla. 4th DCA 2007) (explaining FDUTPA previously provided for a mandatory award of attorney's fees to the prevailing party, but, after a 1994 amendment, the award of attorney's fees and costs to a prevailing party was placed within the discretion of the court).

To guide a court in exercising its discretion when determining whether to award attorney's fees under FDUTPA, Florida's Fourth District Court of Appeal has crafted a widely adopted non-exhaustive list of seven factors to consider:

(1) the scope and history of the litigation;

(2) the ability of the opposing party to satisfy an award of fees;

(3) whether an award of fees against the opposing party would deter others from acting in similar circumstances;

(4) the merits of the respective positions—including the degree of the opposing party's culpability or bad faith;

4

(5) whether the claim brought was not in subjective bad faith but frivolous, unreasonable, groundless;

(6) whether the defense raised a defense mainly to frustrate or stall;

(7) whether the claim brought was to resolve a significant legal question under FDUTPA law.

*Humane Soc'y of Broward Cnty., Inc.*, 951 So. 2d at 971–72; *see, e.g.*, *Chow*, 640 Fed. App'x at 839 (citing *Humane Society* and listing the seven factors); *Healthcare Res. Mgmt. Grp., LLC*, 2022 WL 1537757, at *5–10 (citing *Humane Society* and analyzing the seven factors); *Colomar*, 2008 WL 4459383, at *2–6 (same). Crucially, "[i]t is the burden of the moving party to demonstrate entitlement to fees and costs under section 501.2105(1)." *Healthcare Res. Mgmt. Grp., LLC*, 2022 WL 1537757, at *6 (citing *Colomar*, 2008 WL 4459383, at *2). Since Defendant did not address these factors within its Motion for Attorney's Fees, this Court issued an order requiring Defendant to brief these factors and any other relevant factors to guide the Court's decision, DE 23, and Defendant complied by filing supplemental briefing. DE 24.

Having reviewed Defendant's supplemental briefing, the Court finds that the balance of the factors weighs in favor of an award of Defendant's attorney's fees under FDUTPA.

### A. Scope and History of the Litigation

For this first factor, Defendant recounts the brief history of this case and argues that it supports its claim for attorney's fees because Plaintiff: (1) "Commenced this action in derogation of and without complying with the Arbitration Agreement"; (2) "Raised no substantive allegations and offered no reasonable proof to support its FDUTPA claims"; and (3) "Failed or otherwise refused to comply with every order this Honorable Court entered that required Plaintiff to respond to the Motion to Dismiss." DE 24 at 8–9.

Although the scope and history of this litigation are brief, Plaintiff's failures to respond are primarily why this is the case. Therefore, the Court finds that the scope and history of the litigation

weighs in favor of an award of Defendant's attorney's fees under FDUTPA. *Cf. Healthcare Res. Mgmt. Grp., LLC*, 2022 WL 1537757, at *7 (finding scope and history of litigation factor weighed in favor of award of attorney's fees were plaintiff failed to respond to defendant's arguments, even when notified of such failures via court orders).

### B. Ability of Plaintiff to Satisfy an Award of Fees

Concerning this second factor, Defendant contends that its modest request for $2,645 should not cause Plaintiff any financial hardship, and, as such, Plaintiff should be capable of satisfying such an award. DE 24 at 9. However, there is little financial information about Plaintiff for the Court to consider for this factor, and it is unclear whether Plaintiff was not able to retain substitute counsel based on a financial inability to afford counsel. Therefore, out of an abundance of caution, the Court will find this factor to be neutral towards an award of Defendant's attorney's fees under FDUTPA.

### C. Fees as a Deterrence for Those Acting in Similar Circumstances

Regarding this third factor, Defendant raises two arguments. First, it asserts that an award of its fees against Plaintiff would deter other litigants from avoiding or attempting to avoid arbitration when there is a valid arbitration agreement in effect. *Id.* at 10. Secondly, it argues that Plaintiff's claims were baseless, and its fees should be granted to deter others from bringing claims based on pure conjecture. *Id.* at 10–11. The Court does not find these reasons supportive of an award of fees because there was no ruling on the merits of Plaintiff's claims or the enforceability of Defendant's arbitration agreement. Nevertheless, the Court does find that an award of fees here will deter others from engaging in the same conduct as Plaintiff; namely, bringing a lawsuit and failing to respond to court orders. If Plaintiff no longer wished or was able to engage in this

litigation, it should have dismissed its case.³ As such, the Court finds that this factor weighs in favor of Defendant's award of attorney's fees under FDUTPA.

### D. The Merits of Plaintiff's Claims

As for the fourth and fifth factors, Defendant reiterates its position that Plaintiff's claims were either unsupportable, at best, or frivolous, at worst. DE 24 at 11–12. Again, there was no merits adjudication on Plaintiff's claims, as Defendant's motion to dismiss was granted by default based on Plaintiff's failure to respond. DE 18. Thus, the Court finds the fourth and fifth factors to be neutral to an award of Defendant's attorney's fees under FDUTPA.

### E. Whether Defendant Raised Arguments to Frustrate or Stall

Addressing this sixth factor, Defendant proclaims that its defenses were not an attempt to frustrate and stall. DE 24 at 12. Seeing as there was an arbitration agreement signed by Plaintiff, DE 7-1 at 2–3, the Court finds that Defendant's arbitration demand was brought in good faith and was not designed to frustrate or stall. Therefore, this factor weighs in favor of an award of Defendant's attorney's fees under FDUTPA.

### F. Whether Plaintiff's Claim was to Resolve a Significant Legal Question

For this last factor, Defendant contends that Plaintiff was not seeking to resolve any significant, unique, or unanswered legal questions under FDUTPA. DE 24 at 13. The Court agrees, as Plaintiff's FDUTPA claim contained relatively standard allegations. *See* DE 1 at 9–12. Consequently, the Court finds that this factor is neutral to an award of Defendant's attorney's fees under FDUTPA.

---

³ Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may unilaterally dismiss an action without a court order if the notice of dismissal is filed before the opposing party serves an answer or files a motion for summary judgment. Since Defendant neither served an answer nor a motion for summary judgment, Plaintiff could have dismissed its case.

### G. Conclusion

Since three of the seven factors weigh in favor of Defendant's award of attorney's fees under FDUTPA, while the remainder are neutral, the Court recommends that Defendant's Motion for Attorney's Fees be granted under FDUTPA's attorney's fee provision. Additionally, although Plaintiff's FDUTPA claim was one of five it brought with its complaint, *see* DE 1, Defendant can still recover its fees for the entire case. *See Chow*, 640 Fed. App'x at 843 ("[T]he fees recoverable under FDUTPA are those relating to the entire action, 'unless the attorney's services clearly were not related in any way to establishing or defending an alleged violation of chapter 501.'" (quoting *Diamond Aircraft*, 107 So. 3d at 370)). The non-prevailing party bears the burden of demonstrating that "the services related to non-FDUTPA claims were clearly beyond the scope of a 501 proceeding," *id.*, and Plaintiff has not met this burden on account of its failure to respond to Defendant's Motion or Defendant's supplemental briefing.

### IV. Reasonable Attorney's Fees

To determine reasonable attorney's fees, courts must employ the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step of the lodestar method is determining a reasonable rate. *Id.* "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* The attorney moving to receive his or her fees bears the burden of justifying the reasonableness of their requested rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of

reasonably comparable skill, experience and reputation."). Moreover, courts are considered experts on the matter of reasonable hourly rates for attorneys and may rely on their own knowledge and experience when determining a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1303).

Here, Defendant seeks the fees for its attorney, Abbigail Webb, and its paralegal, Louis Goetz. DE 19. Attorney Webb has been a member of The Florida Bar since 2010, and she requests her hourly rate of $400 per hour. *Id.* at 3. Paralegal Goetz has been a paralegal for 25 years, and he seeks his hourly rate of $150 per hour. *Id.* at 4. However, Defendant does not provide any evidence that these rates are comparable to the services of lawyers and paralegals of comparable skill, experience, and reputation within the Southern District. Nevertheless, based on this Court's own knowledge of reasonable hourly rates and an examination of attorney's fees awards to other attorneys in this community, Attorney Webb's requested rate is in line with the rate of attorneys with comparable experience within the Southern District. *See, e.g.*, *United States v. Habana Hosp. Pharmacy, Inc.*, No. 17-CV-80871, 2023 WL 5611906, at *8 (S.D. Fla. Aug. 7, 2023) (finding $400 per hour rate reasonable for attorney with 15 years of experience), *report and recommendation adopted*, No. 17-80871-CIV, 2023 WL 5608004 (S.D. Fla. Aug. 30, 2023); *Schwarz v. Seeman Holtz Prop. & Cas., LLC*, No. 21-CV-81005, 2023 WL 2087934, at *5 (S.D. Fla. Feb. 2, 2023) (finding $400 hourly rate reasonable for attorney with 15 years of experience), *report and recommendation adopted*, No. 21-CV-81005-RS, 2023 WL 2071844 (S.D. Fla. Feb. 17, 2023); *Ikpe v. Kreative Therapy & Rehab Ctr., Inc.*, Case No. 18-23217-CIV, 2019 WL 1369502, at *2 (S.D. Fla. Mar. 2019) (concluding $400 per hour was reasonable for attorney with 16 years of experience). Likewise, Paralegal Goetz's requested rate of $150 per hour is reasonable. *See, e.g.*, *Ramirez v. Rosalia's Inc.*, No. 20-CV-23270, 2023 WL 3930726, at *5 (S.D. Fla. June 9, 2023) (noting courts in the Southern District typically permit $100 to $150 per hour for

paralegals and approving $150 hourly rate for a paralegal); *Glob. Digit. Sols., Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, No. 18-80106-CV, 2021 WL 7630524, at *2 (S.D. Fla. Aug. 16, 2021) (finding $150 hourly rate reasonable for paralegal with "high level of experience"); *H.C. v. Bradshaw*, 426 F. Supp. 3d 1266, 1281 (S.D. Fla. 2019) (concluding $150 hourly rate for paralegal with 15 years of experience was reasonable).

After determining a reasonable hourly rate, the second step of the "lodestar" method is to arrive at the hours reasonably expended. *Norman*, 836 F.2d at 1301. Litigants are required to exercise billing judgment and are to exclude excessive, redundant, or otherwise unnecessary hours from their billing affidavits. *See id.* Litigants must also exclude tasks which are purely clerical or secretarial in nature. *Seacoast Nat'l Bank v. M/Y VIAGGIO*, No. 22-CV-62311, 2023 WL 6930685, at *2 (S.D. Fla. Oct. 2, 2023), *report and recommendation adopted*, No. 22-CV-62311-RAR, 2023 WL 6908985 (S.D. Fla. Oct. 19, 2023); *Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Cath. Bishop of Chi.*, 175 F.3d 544, 553 (7th Cir. 1999))). However, courts "need not, and indeed should not, become green-eyeshade accountants" when reviewing billing affidavits as the goal is to "do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

Here, the billing records submitted are sufficiently detailed to allow this Court to meaningfully review the hours expended, and most of the time requested appears to be necessary and reasonable but for one exception. On September 19, 2023, Attorney Webb logged half an hour to draft a Rule 7.1 Disclosure. DE 19-1 at 1. On that same day, Paralegal Goetz also expended half an hour to prepare and file a Rule 7.1 Disclosure. *Id.* The Court finds an hour expenditure between

Attorney Webb and Paralegal Goetz to be redundant and unreasonable given the boilerplate nature of Rule 7.1 disclosures and what was eventually filed. *See* DE 14. As such, the Court will reduce the hours billed by Paralegal Goetz from 5.1 hours to 4.6 hours. *See Norman*, 836 F.2d at 1301.

Accordingly, the Court finds that Attorney Webb's request for 4.7 hours is reasonable, and, after a half-an-hour reduction, the Court finds Paralegal Goetz's request for 4.6 hours to be reasonable. Multiplying these hours by the reasonable rates previously found equates to $2,570 (4.7 x 400 + 4.6 x 150). Therefore, the Court recommends for Defendant to be awarded $2,570 in attorney's fees.

### V. Recommendation

For the foregoing reasons, the Court **RECOMMENDS** for Defendant's Motion for Attorney's Fees [DE 19] to be **GRANTED IN PART AND DENIED IN PART** and for Defendant to be awarded $2,570 in attorney's fees.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 31st day of January, 2024.

                                                     PANAYOTTA AUGUSTIN-BIRCH
                                                     UNITED STATES MAGISTRATE JUDGE